IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-00293-CR-W-SOW |
| | ) | |
| INTERNATIONAL DEHYDRATED | ) | |
| FOODS, INC. (IDF) | ) | |
| | ) | |
| Defendant. | ) | |

PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the parties described below have entered into the following plea agreement:

**1. The Parties.** The parties to this agreement are the United States Attorney's Office for the Western District of Missouri (otherwise referred to as "the Government" or "the United States"), represented by John F. Wood, United States Attorney, and William L. Meiners, Assistant United States Attorney, and the defendant, IDF, Inc. ("the defendant"), represented by Stephen L. Hill, Jr.

The defendant understands and agrees that this plea agreement is only between it and the United States Attorney for the Western District of Missouri, and that it does not bind any other federal, state, or local prosecution authority or any other government agency, unless otherwise specified in this agreement.

**2. Defendant's Guilty Plea.** The defendant agrees to and hereby does plead guilty to the Information charging it with a violation of 21U.S.C. §458(c)(5), that is, a false statement in a poultry shipper's certificate. By entering into this plea agreement, the defendant admits that it knowingly committed this offense, and is in fact guilty of this offense.

**3. Factual Basis for Guilty Plea.** The parties agree that the facts constituting the offense to which it is pleading guilty are as follows:

On or about May 13, 2004, in the Western District of Missouri, International Dehydrated Foods, Inc. (IDF), defendant herein, did knowingly and willfully make a false statement in a shipper's certificate provided for in the regulations prescribed by the Secretary of Agriculture, to wit; that the manufacture dates for 660 pounds of powdered chicken fat and cooked chicken fat, delivered to Alementos Don Magolo LTDA, were April 4, 2004 and March 1, 2004, when in truth and fact as IDF then well knew, the product was manufactured on October 22, 2003 and July 23, 2003 respectively, causing the above shipment to be mislabeled in this regard.

**4. Use of Factual Admissions.** The defendant acknowledges, understands and agrees that the admissions contained in Paragraph 3 and other portions of this plea agreement will be used for the purpose of determining its guilt and advisory sentencing range under the United States Sentencing Guidelines ("U.S.S.G."), including the calculation of the defendant's offense level in accordance with U.S.S.G. § 1B1.3(a)(2). The defendant acknowledges, understands and agrees that the conduct charged in any dismissed counts of the Information as well as all other uncharged related criminal activity may be considered as "relevant conduct" pursuant to U.S.S.G. § 1B1.3(a)(2) in calculating the offense level for the charge to which it is pleading guilty.

**5. Statutory Penalties.** The defendant understands that upon its plea of guilty to the Information charging it with a false statement in a poultry shipper's certificate, the maximum penalty the Court may impose is not more than a $500,000 fine, 5 years of probation, an order of restitution, and a $100 mandatory special assessment which must be paid in full at the time of sentencing. The defendant further understands that this offense is a Class E felony.

-2-

Case 4:08-cr-00293-SOW   Document 3   Filed 10/24/08   Page 2 of 11

**6. Sentencing Procedures.** The defendant acknowledges, understands and agrees to the following:

    a. in determining the appropriate sentence, the Court will consult and consider the United States Sentencing Guidelines promulgated by the United States Sentencing Commission; these Guidelines, however, are advisory in nature, and the Court may impose a sentence either less than or greater than the defendant's applicable Guidelines range, unless the sentence imposed is "unreasonable";

    b. the Court will determine the defendant's applicable Sentencing Guidelines range at the time of sentencing;

    c. the Court may impose any sentence authorized by law, including a sentence that is outside of, or departs from, the applicable Sentencing Guidelines range;

    d. any sentence of imprisonment imposed by the Court will not allow for parole;

    e. the Court may order restitution to be paid to victims of the offense to which it is pleading guilty, the conduct charged in any dismissed counts of the indictment, and all other uncharged related criminal activity;

    f. the Court is not bound by any recommendation regarding the sentence to be imposed or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Office; and

    g. the defendant may not withdraw its guilty plea solely because of the nature or length of the sentence imposed by the Court.

**7. Government's Agreements.** Based upon evidence in its possession at this time, the United States Attorney's Office for the Western District of Missouri, as part of this plea agreement, agrees not to bring any additional charges against defendant or any other person for any federal criminal offenses related to the false statement in the poultry shipper's certificate for which it has venue and which arose out of the defendant's conduct described above.

The defendant recognizes that the United States' agreement to forego prosecution of all of the criminal offenses with which the defendant might be charged is based solely on the promises made by the defendant in this agreement. If the defendant breaches this plea agreement, the United States retains the right to proceed with the original charges and any other criminal violations established by the evidence. The defendant expressly waives its right to challenge the initiation of the dismissed or additional charges against it if it breaches this agreement. The defendant expressly waives its right to assert a statute of limitations defense if the dismissed or additional charges are initiated against its following a breach of this agreement. The defendant further understands and agrees that if the Government elects to file additional charges against it following its breach of this plea agreement, it will not be allowed to withdraw its guilty plea.

**8. Preparation of Presentence Report.** The defendant understands the United States will provide to the Court and the United States Probation Office a government version of the offense conduct. This may include information concerning the background, character, and conduct of the defendant, including the entirety of its criminal activities. The defendant understands these disclosures are not limited to the count to which it has pleaded guilty. The United States may respond to comments made or positions taken by the defendant or the defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The United States and the defendant expressly reserve the right to speak to the Court at the time of sentencing pursuant to Rule 32(i)(4) of the Federal Rules of Criminal Procedure.

**9. Withdrawal of Plea.** Either party reserves the right to withdraw from this plea agreement for any or no reason at any time prior to the entry of the defendant's plea of guilty and its formal acceptance by the Court. In the event of such withdrawal, the parties will be restored to their pre-plea agreement positions to the fullest extent possible. However, after the plea has been formally accepted by the Court, the defendant may withdraw its plea of guilty only if the Court rejects the plea agreement or if the defendant can show a fair and just reason for requesting the withdrawal. The defendant understands that if the Court accepts its plea of guilty and this plea agreement but subsequently imposes a sentence that is outside the defendant's applicable Sentencing Guidelines range, or imposes a sentence that the defendant does not expect, like or agree with, it will not be permitted to withdraw its plea of guilty.

**10. Agreed Guidelines Applications.** With respect to the application of the Sentencing Guidelines to this case, the parties stipulate and agree as follows:

a. The Sentencing Guidelines do not bind the Court and are advisory in nature. The Court may impose a sentence that is either above or below the defendant's applicable Guidelines range, provided the sentence imposed is not "unreasonable";

b. The applicable Guidelines Manual is the one that took effect in 2007;

c. The parties agree that defendant shall pay a $250,000 fine and shall pay restitution to the United States Treasury $77,282.00 for the cost of the investigation. In exchange the government shall reach a Consent Agreement with defendant allowing it to remain in business without objection from the USDA on the condition that it remains in compliance with federal and state laws and continues to abandon its mislabeling initiative discontinued on October 15, 2005.

d. The parties agree that the following reasons demonstrate that imposition of a sentence of probation is unnecessary pursuant to Chapter 8 of the Sentencing Guidelines:

(1) IDF will make the payment of the aforementioned fine and restitution within 5 (five) business days of the entry of its Sentence;
(2) IDF, pursuant to the terms and conditions of its Consent

-5-

Judgment with the USDA, will have in place an effective compliance
program to detect, deter and prevent similar conduct as that conduct
identified in paragraph 3, *infra*;

(3) Probationary supervision would duplicate the day-to-day
supervision and inspection of IDF operations previously performed
by the USDA that will continue for a period of three years pursuant
to the terms and conditions of the Consent Judgment;

(4) Probation is unnecessary to ensure changes are made within the
organization to reduce the likelihood of future criminal conduct as
IDF discontinued the mislabeling conduct identified in paragraph 3,
infra in October, 2005; and

(5) Probation is unnecessary to ensure that changes are made within
the organization to reduce the likelihood of future criminal conduct
as the terms and conditions of the Consent Judgment already require
and enforce such changes.

e. The defendant has admitted its guilt and clearly accepted responsibility for its actions. Consequently, it is entitled to a two-level reduction pursuant to § 3E1.1(a) of the Sentencing Guidelines;

f. The parties agree there is no basis for any enhancement based on physical harm to any IDF consumer.

g. The defendant consents to judicial fact-finding by a preponderance of the evidence for all issues pertaining to the determination of the defendant's sentence, including the determination of any mandatory minimum sentence (including the facts that support any specific offense characteristic or other enhancement or adjustment), and any legally authorized increase above the normal statutory maximum. The defendant waives any right to a jury determination beyond a reasonable doubt of all facts used to determine and enhance the sentence imposed, and waives any right to have those facts alleged in the indictment. The defendant also agrees that the Court, in finding the facts relevant to the imposition of sentence, may consider any reliable information, including hearsay; and

h. The defendant understands and agrees that the factual admissions contained in paragraphs 3 and 4 of this plea agreement, and any admissions that it will make during its plea colloquy, support the imposition of the agreed Guidelines calculations contained in this agreement.

11. **Effect of Non-Agreement on Guidelines Applications.** The parties understand,

acknowledge and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed in Paragraph 10, and its subsections. As to any other Guidelines issues, the parties are free to advocate their respective positions at the sentencing hearing.

12. **Change in Guidelines Prior to Sentencing.** The defendant agrees that if any applicable provision of the Guidelines changes after the execution of this plea agreement, then any request by defendant to be sentenced pursuant to the new Guidelines will make this plea agreement voidable by the United States at its option. If the Government exercises its option to void the plea agreement, the United States may charge, reinstate, or otherwise pursue any and all criminal charges that could have been brought but for this plea agreement.

13. **Government's Reservation of Rights.** The defendant understands that the United States expressly reserves the right in this case to:

> a. oppose or take issue with any position advanced by defendant at the sentencing hearing which might be inconsistent with the provisions of this plea agreement;
>
> b. comment on the evidence supporting the charge in the Information;
>
> c. oppose any arguments and requests for relief the defendant might advance on an appeal from the sentences imposed; and
>
> d. oppose any post-conviction motions for reduction of sentence, or other relief.

14. **Waiver of Constitutional Rights.** The defendant, by pleading guilty, acknowledges that it has been advised of, understands, and knowingly and voluntarily waives the following rights:

> a. the right to plead not guilty and to persist in a plea of not guilty;

      b. the right to be presumed innocent until its guilt has been established beyond a reasonable doubt at trial;

      c. the right to a jury trial, and at that trial, the right to the effective assistance of counsel;

      d. the right to confront and cross-examine the witnesses who testify against it;

      e. the right to compel or subpoena witnesses to appear on its behalf; and

      f. the right to remain silent at trial, in which case its silence may not be used against it.

The defendant understands that by pleading guilty, it waives or gives up those rights and that there will be no trial. The defendant further understands that if it pleads guilty, the Court may ask it questions about the offense or offenses to which it pleaded guilty, and if the defendant answers those questions under oath and in the presence of counsel, its answers may later be used against it in a prosecution for perjury or making a false statement.

**15. Waiver of Appellate and Post-Conviction Rights.**

      a. The defendant acknowledges, understands and agrees that by pleading guilty pursuant to this plea agreement it waives its right to appeal or collaterally attack a finding of guilt following the acceptance of this plea agreement.

      b. The defendant expressly waives its right to appeal its sentence, directly or collaterally, on any ground except a sentence imposed in excess of the statutory maximum or an illegal sentence, that is, sentencing error more serious than a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal its sentence as authorized by 18 U.S.C. § 3742(a) with respect to any issues that have not been stipulated to or agreed upon in this agreement.

**16. Waiver of FOIA Request.** The defendant waives all of its rights, whether asserted directly or by a representative, to request or receive from any department or agency of the

-8-

United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

**17. Waiver of Claim for Attorney's Fees.** The defendant waives all of its claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

**18. Defendant's Breach of Plea Agreement.** If the defendant commits any crimes, violates any conditions of release, or violates any term of this plea agreement between the signing of this plea agreement and the date of sentencing, or fails to appear for sentencing, or if the defendant provides information to the Probation Office or the Court that is intentionally misleading, incomplete, or untruthful, or otherwise breaches this plea agreement, the United States will be released from its obligations under this agreement. The defendant, however, will remain bound by the terms of the agreement, and will not be allowed to withdraw its plea of guilty.

The defendant also understands and agrees that in the event it violates this plea agreement, all statements made by it to law enforcement agents subsequent to the execution of this plea agreement, any testimony given by it before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against it in any and all criminal proceedings. The defendant waives any rights that it might assert under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule that pertains to the admissibility of any statements made by it subsequent to this plea agreement.

**19. Defendant's Representations.** The defendant acknowledges that it has entered into this plea agreement freely and voluntarily after receiving the effective assistance, advice and approval of counsel. The defendant acknowledges that it is satisfied with the assistance of counsel, and that counsel has fully advised it of its rights and obligations in connection with this plea agreement. The defendant further acknowledges that no threats or promises, other than the promises contained in this plea agreement, have been made by the United States, the Court, its attorneys or any other party to induce it to enter its plea of guilty.

**20. No Undisclosed Terms.** The United States and defendant acknowledge and agree that the above-stated terms and conditions constitute the entire plea agreement between the parties, and that any other terms and conditions not expressly set forth in this agreement do not constitute any part of the parties' agreement and will not be enforceable against either party.

**21. Standard of Interpretation.** The parties agree that, unless the constitutional implications inherent in plea agreements require otherwise, this plea agreement should be interpreted according to general contract principles and the words employed are to be given their normal and ordinary meanings.

The parties further agree that, in interpreting this agreement, any drafting errors or ambiguities are not to be automatically construed against either party, whether or not that party was involved in drafting or modifying this agreement.

                                          John F. Wood
                                          United States Attorney

Dated: 10/6/08                     /s/ William L. Meiners
                                          William L. Meiners
                                          Assistant United States Attorney

      We have consulted with our attorney and fully understand all of our rights with respect to the offense charged in the Information. Further, we have consulted with our attorney and fully understand our rights with respect to the provisions of the Sentencing Guidelines. We have read this plea agreement and carefully reviewed every part of it with our attorney. We understand this plea agreement and we voluntarily agree to it. Defendant hereby warrants and represents that its Board of Directors has duly authorized, in a specific resolution, the execution and delivering of this Agreement by defendant, and that the person signing the Agreement has authority to bind defendant.

Dated: 9/30/08                     /s/ Thomas L. Slaight
                                          International Dehydrated Food (IDF)
                                          By its President and CEO

      I am defendant International Dehydrated Food (IDF)'s attorney. I have fully explained to IDF its rights with respect to the offense charged in the Information. Further, I have reviewed with IDF the provisions of the Sentencing Guidelines which might apply in this case. I have carefully reviewed every part of this plea agreement with IDF. To my knowledge, International Dehydrated Food (IDF)'s decision to enter into this plea agreement is an informed and voluntary one.

Dated: 10/1/08                     /s/ Stephen L. Hill, Jr.
                                          Stephen L. Hill, Jr.
                                          Attorney for Defendant